Kenneth J. VUKOSON, Appellant,

v.

BECHTEL BETTIS, INC., a/k/a Westinghouse Electric Corporation.

No. 04–1512.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 27, 2005.

Decided Feb. 8, 2005.

Kenneth P. McKay, Pittsburgh, PA, for Appellant.

Craig M. Brooks, Houston Harbaugh, Pittsburgh, PA, for Appellee.

Before: SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Kenneth J. Vukoson ("Vukoson") appeals the District Court's grant of summary judgment in favor of Bechtel Bettis, Inc. ("Bettis") on Vukoson's claim that

---

Bettis discriminated against him on the basis of his age (50 years old) in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"), when it removed him from his managerial position as a Security Lieutenant, replaced him with a 38–year old, and transferred him to a lesser, non-managerial position. Vukoson contends that the District Court failed to draw all inferences in his favor and encroached upon matters within the province of the jury by making credibility determinations at summary judgment. After conducting plenary review of the factual and legal contentions of the parties, we affirm the grant of summary judgment in favor of Bettis. *See Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 507 n. 1 (3d Cir.2004). As we write only for the parties, we set forth only those facts necessary to our analysis.

Vukoson was a long-term employee at the Bettis Atomic Power Laboratory (which until 1999 was operated by Westinghouse Electric). From August 1990 until 2000, Vukoson held the position of Security Lieutenant and had at times been counseled for poor performance. In May 2000, Vukoson was charged with responsibility for arranging to have training equipment shipped to West Mifflin, Pennsylvania from Idaho Falls, Idaho. In July 2000, he misrepresented to his supervisor that the shipment had arrived at West Mifflin when in fact it had not yet left Idaho. He further complicated the situation by refusing to respond to his supervisor's questions as to the source of his information regarding the status of the shipment. Consequently, Vukoson was removed from the position of Security Lieutenant due to his alleged dishonesty, insubordination in his refusal to respond to his supervisor's questions regarding the July 2000 shipment, and his history of poor performance. Effective September 1, 2000, he was transferred to the position of Senior Technolo-

gist at the same base salary but was no longer eligible for overtime and rotating shift differential compensation.

Vukoson does not allege direct evidence of age discrimination thus his claim is analyzed under the burden shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The District Court determined, and we agree (despite Bettis' arguments to the contrary concerning Vukoson's qualifications), that Vukoson set forth a *prima facie* case of age discrimination by showing that (1) he is over 40, (2) he was qualified for the position of Security Lieutenant, (3) he suffered an adverse employment decision, and (4) he was replaced by a sufficiently younger person to create an inference of age discrimination. *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir.1994). We further agree that Bettis met its burden of producing a legitimate non-discriminatory reason as is required under *McDonnell Douglas,* by asserting that Vukoson was removed from the Security Lieutenant position due to his dishonesty and insubordination regarding the July 2000 shipment from Idaho, and given his history of poor performance.

This appeal concerns the final prong of *McDonnell Douglas*—whether Vukoson carried his burden to prove by a preponderance of the evidence that the legitimate reasons offered by Bettis were not its true reasons but were a pretext for discrimination. *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108 (3d Cir.1997) (*en banc*). In order to survive summary judgment at this juncture, Vukoson must either: (1) discredit Bettis' proffered reason, either circumstantially or directly, by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's ... reasons that a reasonable factfinder could rationally find them 'unworthy of credence' "; or (2)

adduce evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse action by pointing to evidence with sufficient probative force from which a factfinder could conclude by a preponderance of the evidence that age was a motivating factor in the employment decision. *Fuentes,* 32 F.3d at 764–765, *Keller,* 130 F.3d at 1111. The evidence of pretext upon which Vukoson relies fails to meet either standard.

Vukoson countered Bettis' asserted non-discriminatory reason of his poor performance by offering evidence that despite his performance deficiencies, he was given two "merit" pay increases in July and November 1999. The record reveals that the July and November 1999 "merit" pay increases respectively were a result of Bettis' annual adjustments of salaries for all employees and a consequence of a salary review of Security Lieutenants as compared with persons filling in as "Acting Lieutenants." Even though the salary adjustments are improperly characterized in Vukoson's employment records as "merit" pay increases, that characterization is not a reflection of his good performance. Nor is the question of whether he received a merit increase in the year prior to the July 2000 shipment issue material to the fact that Vukoson's transfer was precipitated by his conduct relating to that July 2000 shipment. Even drawing all inferences in Vukoson's favor, the "merit" increases do not discredit Bettis' stated reasons for the adverse action, including Vukoson's history of poor performance.

Vukoson also attempts to withstand summary judgment based on his assertion that Bettis was inconsistent in removing him from his position for dishonesty and replacing him with a younger employee, Wagner, who had been disciplined for taking spent brass shell casings from the firing range and selling them at scrap yards. But, these contentions are not supported by the record. Rather the record reveals that Bettis was aware of Wagner's efforts to reclaim the spent shell casings and that he acted honestly in his dealings in that regard.

Vukoson further attempts to show pretext by pointing to the fact that although he was not the only employee responsible for the delinquent shipment of training equipment, he was the only employee who suffered an adverse employment action. However, this comparison is only relevant to showing that Bettis' stated reason for the transfer was pretextual if the comparators were similarly situated to Vukoson. *Simpson v. Kay Jewelers,* 142 F.3d 639, 645 (3d Cir.1998). Such is not the case here where the two comparators Vukoson points to were employees in Bettis' Idaho facility and were not under the control of Vukoson's supervisor. More importantly, Vukoson does not assert that either of these employees engaged in any dishonest or insubordinate conduct in relation to the July 2000 shipment. Consequently, the treatment of these two employees as compared to Vukoson has no bearing on Bettis' stated reason for Vukoson's transfer being that he was dishonest and insubordinate with respect to the July 2000 shipment.

Vukoson has neither shown that Bettis' stated reasons for removing him from his position as Security Lieutenant given his dishonesty, insubordination and history of poor performance did not actually motivate its action nor that his age was a motivating factor in that decision. We have considered all of the arguments of the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court.